ELLIS, Judge.
This is an expropriation suit, in which the State of Louisiana, through the Department of Highways has taken 12.018 acres out of a 37.828 acre tract belonging to Earless A. Babin. The State deposited $11,379.00 into the registry of the Court as just compensation, and defendant answered, seeking a greater amount. After trial on the merits, judgment was rendered awarding $21,031.00 as the value of the parcel taken, and $9,075.00 as severance damages to the remainder. From this judgment, the State has appealed.
The Babin property, prior to the taking, was an irregular shaped piece of property, fronting on the east side of the 4-H Road in Livingston Parish, about one mile south of U.S. Highway 190. At the time of the taking on July 8, 1965, the property was unimproved. The property had been acquired by Mr. Babin in two equal parcels in 1960, the front parcel for $492.00 per acre and the rear parcel, which was landlocked, for $350.00 per acre.
The tract consisted of a two acre parcel fronting 240 feet on the 4 — H Road and narrowing to a width of about 110 feet in its rear. From there, the property widened out into an oblong parcel containing the remainder of the acreage. The parcel taken cut across the rear acreage in such a manner as to leave a remainder of 20.97 acres to the north, including the highway frontage, and a landlocked parcel of 4.84 acres to the south. The south remainder and the rear of the north remainder were triangular in shape. The two acre parcel with the highway frontage was not disturbed.
*188 Mr. H. Loren Willet, one of the appraisers for the State, using the comparable sales approach, found a value of $2,250.00 per acre for the 2.2 acre parcel fronting on the 4 — H Road, and $550.00 per acre- for the property in the rear, for a total value of $24,546.00 before the taking. He fixed the value of the part taken at $550.00 per acre, for a total value of $6,610.00. He found the value of the remainder to be $13,167.00 after the taking, leaving severance damages of $4,769.00. Total compensation was fixed by him at $11,379.00, the amount deposited by the State.
George Platt, the State’s second appraiser, using the same approach and the same comparable sales, found the value of the parcel taken to be $6,610.00 and severance damages of $2,177.00, for a total compensation of $8,787.00.
Kermit Williams, who testified for the defendant, used the comparable sales approach, but relied on different sales than did the State’s appraisers. He found the property to have an overall value of $1,750.00 per acre before the taking, for a total value of $66,199.00. He valued the part taken at $1,750.00 or $21,031.00 for the 12.018 acres. He was of the opinion that after the taking, the north remainder had a value of $1,600.00 per acre, or $33,552.00, and the south remainder worth $525.00 per acre, or $2,541.00. He fixed severance damages to the remainder at $9,075.00. His total value of just compensation was $30,106.00.
The defendant’s other appraiser, Earl R. Graham, found the parcel taken to have a value of $24,036.00 and severance damages of $10,002.00 to the remainder, for a total compensation of $34,038.00. He used the same comparables as did Mr. Williams.
The trial judge, after hearing all of the appraisers testify, adopted the testimony of Mr. Williams and gave judgment in accordance therewith. In this Court, the State argues that the comparable sales used by Mr. Williams were not truly comparable, and that we should accept the testimony of Mr. Willet.
Without going into detail, we can say that none of the comparable sales used by any of the expert witnesses are truly comparable because too far removed in time, location, size or character from the subject property. All of the experts who testified had to make adjustments in the values reflected by their sales in order to reach a conclusion as to the value of the subject tract. After hearing their testimony, the trial judge accepted that of Mr. Williams, and we find no manifest error in his decision.
The judgment appealed from is therefore affirmed, with the State to pay such costs as it may be liable for under the law.
Affirmed.
BARNETTE, J., dissents with written reasons.